b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID DIXON, Plaintiff | CIVIL ACTION 1:19-CV-01471 |
| VERSUS | JUDGE DRELL |
| JOSEPH BARR, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Plaintiff David Dixon ("Dixon") filed a second Motion to Amend Complaint (ECF No. 41) that is GRANTED IN PART AND DENIED IN PART. Dixon also filed Motion for Extension of Time (ECF No. 38) that is DENIED AS MOOT.

Defendants Joseph Barr and Sandy McCain filed two Motions to Dismiss. ECF Nos. 15, 27. Because Defendants' second Motion to Dismiss (ECF No. 27) supercedes their first Motion to Dismiss (ECF No. 15), Defendants' first Motion to Dismiss (ECF No. 15) is DENIED AS MOOT.

I.  Background

Plaintiff David Dixon ("Dixon") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and asserting supplemental state law claims. Dixon alleges that, while he was confined in the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana, in November 2018, he was injured by a defective hydraulic jail door and denied timely medical treatment, resulting in the partial amputation

of a finger. The named Defendants are Warden Sandy McCain,[1] Joseph Barr ("Barr") (a deputy employed at RLCC), and unnamed RLCC employees: Medical Officer 1, Medical Officer 2, and Guard Officers Unknown.

Dixon alleges that, on November 29, 2018, Officer Barr rushed past Dixon, "maliciously and intentionally" knocking Dixon to the ground. ECF No. 1 at ¶ 5. Dixon grabbed a door frame to stop his fall and sustained a severe injury to the tip his right middle finger when a defective hydraulic jail door slammed shut, crushing his fingertip. ECF No. 1 at ¶¶ 6-8. Dixon waited seven to eight hours for the Unknown Medical Officers to take him to the hospital, during which time his wound was not cleaned or prepped in any way. As a result, Dixon's right middle finger had to be amputated at the first knuckle. ECF No. 1 at ¶¶ 6-12.

Dixon further contends that, after he returned from hospital, he was denied his prescribed pain medication by the RLCC Medical Officers and Guards until December 3, 2018.[2] ECF No. 1 at ¶¶ 13-15. Dixon contends he was again denied pain medication on December 5, 2018. ECF No. 1. On December 6, 2018, the Unknown Medical Officers began providing Dixon with Ibuprofen for pain. ECF No. 1 at ¶ 17. Dixon further alleges the Unknown Defendants only changed his bandages and cleaned his wound one time between the surgery and December 9, 2018, despite the doctor's instructions to the contrary. ECF No. 1 at ¶¶ 18-20. Dixon contends that, when they changed his bandages, they did so in a rough

---

[1] A Suggestion of Death was filed (ECF No. 34) and Warden Sandy McCain was terminated as a Defendant by the Clerk of Court.

[2] At one point, a guard gave Dixon Ibuprofen and an ice pack. ECF No. 1, ¶ 14.

manner. ECF No. 1 at ¶ 18. One Unknown Medical Officer "stabbed" Dixon's injured finger with a pair of scissors on one occasion. ECF No. 1 at ¶ 19.

Dixon was released from prison on December 24, 2018. ECF No. 1 at ¶ 21. Due to infection, his nail bed was later removed. ECF No. 1 ¶ 23.

Dixon seeks damages, including punitive damages, pursuant to 42 U.S.C. § 1983 and La. C.C. arts. 2315, 2317, and 2322.

No Defendant has answered the Complaints. Instead, Barr and McCain filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against on which relief can be granted. (ECF No. 15).

In response, Dixon filed an Amended Complaint (ECF No. 19). Dixon alleges that: Defendant Barr "intentionally and maliciously" knocked him to the ground (ECF No. 19 at ¶6); Medical Officers 1 and 2 maliciously and intentionally failed to render necessary aide to Dixon after he was injured, and failed to provide the prescribed medication to Dixon after his surgery (ECF No. 19 at ¶ 9, ¶ 14); Medical Officer 1, Medical Officer 2, or a Guard Officer stabbed Dixon in his injured finger with scissors, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment (ECF No. 19 at ¶ 19); and Warden McCain is liable for the acts of his employees under *respondeat superior* liability, and for failing to properly maintain the malfunctioning hydraulic door (ECF No. 19 at ¶3, ¶91). Dixon contends the hydraulic door that injured him had been malfunctioning for a substantial period of time and had injured "multiple" other inmates. ECF No. 19 at ¶ 8.

Barr and McCain then filed a second Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. ECF Nos. 27, 30. Dixon opposes that Motion. ECF No. 29. Defendants' second Motion to Dismiss is addressed in a separate Report and Recommendation.

Dixon then filed a Motion for Leave to File a Second Amended Complaint (ECF Nos. 39, 41), seeking to substitute: Kathy Gremillion, LPN) as Medical Officer 1; Heather Cormier, NPC as Medical Officer 2; and Captain Stephen Coody as Guard Officer 1. ECF No. 39 at p. 2. Dixon further seeks to substitute Warden Marcus Myers for former Warden Sandy McCain. ECF No. 39, at p. 3. Dixon also seeks to add the State of Louisiana, Department of Safety and Corrections as party responsible for the premises of RLCC and the care of RLCC inmates, and liable for the acts of its subordinates under state law.

II. **Law and Analysis**

    A. **Dixon's Motion to Amend to substitute Warden Myers for Warden McCain is granted.**

Dixon filed a Motion to Amend (ECF NO. 41) to substitute Warden Myers for Warden McCain. ECF No. 39. Fed. R. Civ. P. 25 provides in pertinent part:

> (a) Death.
> > (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. . . .
>
> (d) Public Officers; Death or Separation from Office. An action does not abate when a public officer who is a party in an official capacity

4

dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

"The general term 'public officer' . . . comprises Federal, State, and local officers." Rule 25, Advisory Committee Notes, Note to Subdivision (d)(1). "In general [Rule 25(d)] will apply whenever effective relief would call for corrective behavior by the one then having official status and power, rather than one who has lost that status and power through ceasing to hold office." Note to Subdivision (d)(1); see also Kentucky v. Graham, 473 U.S. 159, 166 n. 11 (1985); Aschan v. Auger, 861 F.2d 520, 521 n. 2 (8th Cir. 1988) (automatically substituting new warden in his official capacity for deceased warden defendant in a habeas corpus action); American Civil Liberties Union of Mississippi, Inc. v. Finch, 638 F.2d 1336, 1341-42 (5th Cir. 1981); Muslow v. Board of Supervisors of Louisiana States University, 2020 WL 4471647, * 11 (E.D. La. 2020);

Dixon has not alleged any kind of personal involvement by Warden Myers in the events alleged. Therefore, Warden Myers will only be added in his official capacity only, as set forth in Rule 25(d). Accordingly, Dixon's Motion to Amend to substitute Warden Myers for Warden McCain (ECF No. 41) is granted. Warden Myers in his official capacity is substituted for Warden Sandy McCain pursuant to Rule 25(d).[3]

---

[3] The Clerk of Court's office terminated Warden McCain on the docket on the day the Suggestion of Death was filed.

B. **Dixon's Motion to Amend to add Gremillion, Cormier, and Coody as Defendants is granted.**

Dixon also moves to Amend the Complaint (ECF No. 41) to add named defendants instead of the previously unnamed prison officials: Kathy Gremillion, LPN for Medical Officer 1; Heather Cormier, NPC as Medical Officer 2; and Captain Stephen Coody as Guard Officer 1.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court. *See Bisby v. Garza*, 2008 WL 465320, at *1 (S.D. Tex. 2008) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Nilsen v. City of Moss Point, Miss.,* 621 F. 2d 117, 122 (5th Cir. 1980)). However, joinder of additional defendants in an action requires permission from the court, and the defendants must be involved in the same transaction or occurrence, with common questions of law or fact, as the originally named defendants. Fed. R. Civ. P. Rule 20. In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by virtue of allowing the amendment. *See Bisby*, 2008 WL 465320, at *1 (citing *Daves v. Payless Cashways, Inc.,* 661 F. 2d 1022, 1024 (5th Cir. 1981)).

Dixon contends the delay in identifying the medical officers and guard was due to the fact that he initially sent his discovery request to the wrong address and, after that was corrected, defense counsel was replaced. ECF Nos. 35, 38 at p. 2. It

is noted that defense counsel was recently replaced again (ECF Nos. 42, 43), and that Defendants have never answered the Complaints.

It does not appear that Dixon has a dilatory motive or has unduly delayed his attempts to discover of the names of the unidentified officers. It is further noted that the original Plan of Work was upset (ECF No. 26), and an Amended Plan of Work was ordered (ECF No. 26) but never filed. Therefore, delays in this case appear to be equally attributable to both sides.

Also, Dixon's original Complaint identified two unnamed medical officers and an unnamed guard as Defendants, and specified the acts and omissions of each. Therefore, Defendants are not surprised or prejudiced by the identification and addition of those individuals.

Because Dixon's proposed amendment is neither unduly late nor prejudicial to Defendants, Dixon's Motion to Amend (ECF No. 41) to add Gremillion, Cormier, and Coody as Defendants is granted.

### C. Dixon's Motion to Amend to add the Louisiana DPSC as a Defendant is denied.

Dixon seeks to add the Louisiana DPSC as a Defendant because it is responsible and liable for the RLCC premises, responsible for the inmates in its care, and liable under state law for the acts and omissions of its employees.

The Eleventh Amendment to the U.S. Constitution bars all suits in law or equity against an unconsenting state. *See Neuwirth v. Louisiana State Board of Dentistry*, 845 F.2d 553, 556 (5th Cir. 1988). Under La. R.S. 13:5106, the state of Louisiana has not waived her immunity under the Eleventh Amendment from suit

in federal court. It is established that the Louisiana DPSC is an arm of the State of Louisiana and is entitled to Eleventh Amendment immunity. *See Anderson v. Phelps*, 655 F. Supp. 560, 563-64 (M.D. La. 1985); *see also Courville v. Corrections Corp. of America*, 2015 WL 3651299 (W.D. La. 2015); *Loya v. Texas Dept. of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989); *Rowe v. Summers*, 1998 WL 71645, *2 (E.D. La. 1998); *Hltberg v. State*, 1998 WL 30288, *4 (E.D. La. 1998); *Brown v. Bonvillain*, 1997 WL 162155, *3 (E.D. La. 1997). The principle of Eleventh Amendment immunity "applies as well to state-law claims brought under federal court under pendent jurisdiction". *See Hayes v. Department of Public Safety & Corrections*, 2017 WL 4295142, at *2 (W.D. La. 2017) (citing *Pennhurst State School & Hospital v Halderman*, 465 U.S. 89, 121 (1984)).

Because the DPSC is absolutely immune from suit under the Eleventh Amendment, Dixon's Motion to Amend Complaint (ECF No. 41) to add the Louisiana DPSC as a Defendant is denied.

### D. Dixon's Request for Extension of Time (ECF No. 38) should be denied as moot.

Dixon filed a Request for Extension of Time (ECF No. 38) seeking additional time in which to discover the names of the unknown medical officers. Dixon then filed a Motion for Leave to File a Second Amended Complaint (ECF Nos. 39, 41), seeking (in part) to substitute: Kathy Gremillion, LPN as Medical Officer 1; Heather Cormier, NPC as Medical Officer 2; and Captain Stephen Coody as Guard Officer 1. Because Dixon has discovered the names of the unknown medical officers, his Request for Extension of Time (ECF No. 38) should be denied as moot.

### E. Defendants' first Motion to Dismiss should be dismissed as moot.

Defendants' first Motion to Dismiss the original Complaint (ECF No. 15) was generally addressed by Dixon's first Amended Complaint (ECF No. 19). Currently pending before the Court is Defendants' second Motion to Dismiss (ECF No. 27), asking the Court to dismiss the first Amended Complaint. Accordingly, Defendants first Motion to Dismiss (ECF No. 15) is DENIED AS MOOT.

### III. Conclusion

Based on the foregoing, IT IS ORDERED that Dixon's Motion to Amend Complaint (ECF No. 41) is GRANTED IN PART to substitute Warden Marcus Myers ("Myers") for Warden Sandy McCain: (1)Dixon's action again Warden Sandy McCain is DISMISSED and (2) Warden Myers in his official capacity is substituted for Warden McCain.

IT IS ORDERED that Dixon's Motion to Amend Complaint (ECF No. 41) is GRANTED IN PART to add as Defendants: Kathy Gremillion, LPN for Medical Officer 1; Heather Cormier, NPC as Medical Officer 2; and Captain Stephen Coody as Guard Officer 1.

IT IS ORDERED that Dixon's Motion to Amend Complaint (ECF No. 41) is DENIED IN PART to deny the addition of the Louisiana DPSC as a Defendant.

IT IS ORDERED that Dixon's Request for Extension of Time (ECF No. 38) is DENIED AS MOOT.

IT IS ORDERED that Defendants' first Motion to Dismiss (ECF No. 15) is DENIED AS MOOT.

SIGNED on Friday, February 5, 2021.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

10